UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:18-CV-00607-TWP-DLP |
| | ) |
| U.S. DISTRICT COURT FOR | ) |
| THE S. DIST. OF INDIANA | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Andrew Straw, a suspended attorney and frequent *pro se* filer in this district, has filed yet another lawsuit, this time seeking monetary damages of $5,000,000 (five million dollars) arising out of what he contends were due process violations in a disciplinary proceeding suspending him from the practice of law in this Court. Specifically, Straw alleges this Court deprived him of due process by failing to give him a hearing before imposing reciprocal discipline. (Docket #1 at 14). Straw also has moved to proceed *in forma pauperis* in this case. For the reasons stated below, the Court grants *in forma pauperis* status but dismisses the action.

### I. *In Forma Pauperis* Status

A federal statute provides a mechanism for an indigent litigant to proceed "*in forma pauperis*" – that is, to maintain an action in federal court even if the litigant is unable to pay the associated filing fees. 28 U.S.C. § 1915. Based on Straw's current income and expenses, his motion to proceed *in forma pauperis,* dkt. [2], is GRANTED.

### II. Screening

The court must dismiss the case if the court determines that the claim of poverty is untrue or that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is "'frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).

Straw's action lacks any arguable basis in law or fact, and is frivolous as it seeks to relitigate questions decided against him in multiple other proceedings. Straw's suspension in this Court was a direct result of the Indiana Supreme Court's decision to suspend Straw for violating Indiana's professional conduct rules (specifically, rules prohibiting frivolous claims and arguments). *In the Matter of Andrew U.D. Straw*, 68 N.E.3d 1070, 1072 (Ind. 2017), *cert. denied sub nom. Straw v. Indiana Supreme Court*, --- U.S. ----, 137 S.Ct. 2309, *reh'g denied*. This Court (and other federal courts in the Seventh Circuit) then imposed reciprocal discipline against Straw. *See In re: Andrew U.D. Straw*, No. 1:17-mc-00013, docket # 9 (S.D. Ind. Mar. 16, 2017). Straw moved this Court for reinstatement, and after that motion was denied, he appealed to the Seventh Circuit Court of Appeals. The Court of Appeals affirmed this Court's decision. *In re: Straw*, --- Fed. Appx. ----, 2017 WL 6539217, at *2 (7th Cir. Dec. 21, 2017) (finding "Straw's argument that the district court must reinstate him is a loser") (*nonprecedential disposition*), *cert. pending*.

The Seventh Circuit rejected the very argument Straw makes in this case, concluding, among other things, that Straw received a hearing in state court and was not entitled to another hearing in this Court before reciprocal discipline was imposed. *Id.* Straw has recently made, and lost, substantially similar arguments in other cases. *See, e.g.*, *Straw v. Seventh Circuit Court of Appeals*, No. 2:18-cv-28, 2018 WL 637972 at *3 (N.D. Ind. Jan. 31, 2018) (denying pauper status and dismissing complaint in which Straw sought a declaratory judgment that reciprocal suspension in district court without a hearing violated his rights to due process); *Straw v. U.S. District Court for the Western District of Wisconsin*, No. 17-cv-842, 2017 WL 5989204 at *3 (W.D. Wis. Dec.

1, 2017) (finding no due process violation in federal district court disciplinary proceeding where state court provided Straw "an opportunity for a full and fair hearing").

Further, this action must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because in it, Straw seeks monetary relief against a defendant who is immune from such relief. The District Court for the Southern District of Indiana, as an arm of the United States, cannot be sued without specific statutory consent. *See United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Furthermore, even though Straw makes no claims against individual judges in this case, the Court notes that judges are absolutely immune from damages claims arising out of their judicial actions. *See Stump v. Sparkman,* 435 U.S. 349, 356–357 (1978); *accord Bolin v. Story*, 255 F.3d 1234, 1239-40 (11th Cir. 2000).

In light of the foregoing, IT IS HEREBY ORDERED that this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion requesting service of process, dkt. [3], is DENIED AS MOOT. Final judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 3/14/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew U.D. Straw
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173